IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAQUAN BARNES,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-231 Erie** |
| | ) | |
| **v.** | ) | **District Judge McLaughlin** |
| | ) | |
| **SUPERINTENDENT DEBRA SAUERS,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the motion to dismiss the original complaint filed by Defendant Sauers [ECF No. 13] be granted. It is further recommended that the motion to dismiss filed by Defendant Sauers [ECF No. 22] in response to the amended complaint be dismissed as moot. The Clerk of Courts should be directed to close this case.

## II. REPORT

### A. Relevant Procedural History

Plaintiff, a state inmate acting *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff's claims arise out of an assault by a fellow inmate at SCI Forest in June of 2011. Named as the sole Defendant to this action is Superintendent Debra Sauers. As relief, Plaintiff seeks monetary damages.

Defendant Sauers has filed a motion to dismiss. ECF No. 13. In response, Plaintiff filed an Amended Complaint. ECF No. 21. Defendant Sauers has filed a motion to dismiss the amended complaint. ECF No. 22. This matter is ripe for disposition by this Court.

**B. Standards of Review**

**1. *Pro Se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

**2. Motion to dismiss pursuant to Rule 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Plaintiff's Allegations

In his Original Complaint, Plaintiff alleges:

> Superintendent Debra Sauers failed to exercise reasonable or ordinary care to protect prisoners from assault, and had failed to implement procedures to prevent violent assault by prisoners another prisoners, either by physical assault or an assault with a deadline weapon. Superintendent failed to prevent or address, unwarranted disciplinary action taken toward me, for protecting myself from a brutal assault by another prisoner.

ECF No. 4, page 2. Furthermore, Plaintiff explains that he was assaulted by another inmate with a weapon in June of 2011. Plaintiff claims he was forced to defend himself from this brutal attack and as a result, he was taken to the RHU and later received a misconduct for his involvement in the incident. Id. Plaintiff appealed the disciplinary action to Defendant Sauers and that appeal was denied. Id.

Plaintiff's *pro se* complaint does not identify the legal theory upon which he seeks to proceed, so this Court will liberally construe the factual allegations of the complaint and examine each possible legal theory under Twombly.

**1) Failure to Protect Claim**

To state an Eighth Amendment claim based on a failure to protect theory, a plaintiff must allege that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists": (3) the defendant actually drew that inference; and (4) the defendant deliberately disregarded the apparent risk. Farmer v. Brennan, 511 U.S. 825, 834-37 (1994). See also Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (the prison official "must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.").[1]

---

[1] In determining whether a prison official was deliberately indifferent, the court must "focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir. 1997). "A prison official's knowledge of a substantial risk is a question of fact and can, of course, be proved by circumstantial evidence." Id. "In other words, it may be concluded that a prison official knew of a substantial risk from the very fact that the risk was obvious." Jones v. Day, 2007 WL 30195, at *4 (W.D. Pa. 2007). For instance:

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

Farmer, 511 U.S. at 942–43 (internal citations omitted).

In his Original Complaint, Plaintiff has not made any factual allegations sufficient to meet any of the four prongs of his failure-to-protect claim against Defendant Superintendent Sauers. Accordingly, he has failed to state a claim in this regard and the motion to dismiss should be granted.

In his Amended Complaint[2], Plaintiff alleges that in her capacity as the Superintendent of SCI Forest, Defendant Sauers "is legally responsible for the operation of the [prison] and for the welfare of all the inmates in that prison."[3] ECF No. 21, page 2. Furthermore, Plaintiff alleges that Defendant Sauers "failed to exercise reasonable care to protect prisoners from assault by another inmate" and that her "lack of action displayed a deliberate indifference to Plaintiff's safety." Id. Again, Plaintiff has failed to state a failure-to-protect claim against Defendant Sauers. Plaintiff's allegations of the Amended Complaint are no more than legal conclusions,

---

[2] Federal Rule of Civil Procedure 15 states, in part, that "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(1)(B)(2). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

[3] When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action).

and so "are not entitled to the assumption of truth." Burtch, 662 F.3d at 221. Plaintiff has not made any factual allegations to plausibly support this claim.

**2) Failure to Supervise Claim**

In order to state a failure-to-supervise claim against Defendant Sauers, Plaintiff "must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to this risk; and (4) the injury resulted from the policy or practice." Green v. Bledsoe, 2012 WL 2115491, at *12 (M.D.Pa. 2012) quoting Beers-Capitol, 256 F.3d at 134.

In the present case, Plaintiff has failed to identify a policy or practice that Defendant Sauers failed to employ. Likewise, Plaintiff has failed to make any factual allegation to plausibly support any of the four prongs of a failure-to-supervise claim in either the Original or the Amended Complaint.

**3) Failure to Address Grievance/Appeal**

In his Original Complaint, Plaintiff alleges that Defendant Sauers failed to address the "unwarranted disciplinary action" taken toward him for protecting himself from attack by another prisoner. ECF No. 4, page 2. Plaintiff explains that he was found Guilty of Disobeying a Direct Order and Righting by the PRC and sentenced to seventy days in RHU. Plaintiff appealed that disciplinary action to Superintendent Sauers who upheld the action. Id. The Original Complaint provides no further explanation as to Defendant Sauers.

The law is clear that there can be no liability against Defendant Sauers for her participation in the appeal process. The review and denial of grievances and subsequent appeals does not establish personal involvement sufficient to impose § 1983 liability on a supervisory official. See Riley v. DeCarlo, 2012 WL 4378569, at *3 (W.D. Pa. 2012); Jefferson v. Wolfe, 2006 WL 1947721, at *17 (W.D. Pa. 2006). The motion to dismiss should be granted.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss the original complaint filed by Defendant Sauers [ECF No. 13] be granted. It is further recommended that the motion to dismiss filed by Defendant Sauers [ECF No. 22] in response to the amended complaint be dismissed as moot. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 21, 2013